IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lisa Sodekson, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>East Coast Restaurant & Nightclubs, LLC )<br>d/b/a The Gold Club of Bedford, PML )<br>Clubs, Inc., and Michael Rose, )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 4:15-CV-02711-RBH<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's motion to amend/correct complaint [ECF #21], Plaintiff's motion for conditional certification of a collective action [ECF #25], Plaintiff's motion to modify scheduling order and extend deadlines to permit additional discovery [ECF #26], and plaintiff's motion to modify scheduling order and extend mediation deadline [ECF #33]. All parties have had the opportunity to extensively brief the issues raised in the motions, and this Court has thoroughly considered all pleadings filed in this case.[1]

**Factual Background and Procedural History**

Plaintiff Lisa Sodekson, a resident of Massachusetts, worked as an exotic dancer at The Gold Club in Bedford, New Hampshire for approximately five months in 2012. [ECF #1, p. 1]. On or about July 8, 2015, Ms. Sodekson filed suit against Defendants alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, et seq., seeking relief on behalf of

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

herself and others similarly situated.[2]  Defendant PML Clubs, Inc. is a Delaware corporation. [ECF # 1, p. 1].  Plaintiff alleges PML Clubs, Inc. ("PML") operates a strip club known as the "The Gold Club" in locations across the country, including Myrtle Beach (PML's principal place of business), Hilton Head, South Carolina; Bedford, New Hampshire; Las Vegas, Nevada; Greensboro, North Carolina; San Francisco, California; San Jose, California; and Wilmington, Delaware. [ECF #1, p. 2].  Plaintiff also sued East Coast Restaurant & Nightclubs, LLC d/b/a The Gold Club, which Plaintiff alleges is a New Hampshire limited liability company with its principal place of business in New Hampshire. [ECF #1, p. 2].  Finally, Plaintiff sued Michael Rose, a resident of Myrtle Beach, South Carolina, who Plaintiff alleges is the registered agent, owner and officer of the other Defendants. [ECF #1, p. 2].  Plaintiff sued these entities for alleged violations of the FLSA, including minimum wage and compensation violations, liquidated damages, costs and attorney's fees. Specifically, Plaintiff alleges that she and other exotic dancers were misclassified as independent contractors, rather than employees. [ECF #1, p. 3].

On August 12, 2015, this Court entered a Scheduling Order setting the discovery deadline for March 9, 2016 and amendments to pleadings for November 10, 2015. [ECF #9]. Thereafter, the parties entered into a Consent Amended Scheduling Order on September 22, 2015 resetting the discovery deadline to June 9, 2016 and the time to amend pleadings to December 11, 2015. [ECF #17].  On December 11, 2015, this Court granted a consent motion to extend the time for Plaintiff to amend her complaint to December 24, 2015. [ECF #19].  On December 24, 2015,

---

[2] Another Plaintiff, Heather Hoyt, was initially involved in this lawsuit but filed a Notice of Voluntary Dismissal on August 7, 2015, one month after filing suit.

2

Plaintiff filed her motion to amend/correct complaint, seeking to add another plaintiff, add two defendants, and add additional South Carolina and New Hampshire state law claims. [ECF #21]. Plaintiff did not move to certify a conditional class at this time. Defendants filed a response in opposition on January 11, 2016 [ECF #23], and plaintiff filed her reply on January 22, 2016. [ECF #24]. Plaintiff filed a motion to certify class [ECF #25] and a motion for extension of time to complete discovery [ECF #26], on June 9, 2016, the discovery deadline date, and nearly a year after the lawsuit was initially filed. Both of these motions are opposed by Defendants. Finally, Plaintiff filed another motion to amend the scheduling order to extend the mediation deadline on August 5, 2016. This motion is also opposed by Defendants.

## Discussion

### A. Motion to Amend/Correct Complaint

Plaintiff requests leave of court to add Chantel Kaneshige, a South Carolina resident who worked as an exotic dancer, as a named plaintiff in this action. [ECF #21, p. 2]. Plaintiff alleges that Ms. Kaneshige was also classified as an independent contractor, rather than an employee, while working for corporate entities RT Entertainment, LLC and Dunnigan's Restaurant, Inc., companies that Plaintiff alleges are related to the named Defendants. [ECF #21, p. 2]. Therefore, Plaintiff seeks to add are RT Entertainment, LLC and Dunnigan's Restaurant, Inc., based upon her belief that these two entities are associated with the named Defendants. [ECF #21, p. 3]. Finally, Plaintiff seeks to add South Carolina and New Hampshire state law wage and hour claims, which she alleges have been violated by the named Defendants and the defendants she proposes to add to this lawsuit. [ECF #21, p. 2]. In response, Defendants argue that Ms. Kaneshige is subject to

3

an arbitration agreement, and as such, cannot bring any claims in this forum against them or the proposed defendants in this lawsuit. [ECF #23, p. 2].[3]

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs the amendment of pleadings after a responsive pleading has been served. The Rule provides that a party "may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2). The rule has been liberally construed and gives effect to the federal policy of resolving cases on their merits. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A district court may deny a motion to amend a complaint when the amendment would be: (1) prejudicial to the opposing party; (2) the moving party has acted in bad faith; or (3) the amendment would be futile. *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Defendants argue that allowing the plaintiff to add Ms. Kaneshige as a plaintiff would be futile because her claims are subject to an arbitration agreement, a copy of which Defendants attached to their response to the motion. [ECF #23, p. 3]. Ms. Kaneshige has already filed a Consent to Join Lawsuit pursuant to 29 U.S.C. § 216(b). [ECF #22-1]. At this time, Defendants have not filed a motion to compel Ms. Kaneshige to arbitrate her claims. Without ruling on the applicability of the arbitration agreement, this Court will allow Plaintiff to amend her complaint to add Ms. Kaneshige as a plaintiff to this case.

Defendants do not otherwise argue that they will be prejudiced by the inclusion of these additional defendants or state law claims, or that the Plaintiff has acted in bad faith in filing her motion to amend/correct the complaint. Based on the limited record before the Court, this Court

---

[3] At this time, Defendants have not filed a motion to compel Ms. Kaneshige to arbitrate these claims.

4

will allow Plaintiff to amend her complaint to include claims against the two corporate Defendants, RT Entertainment, LLC and Dunnigan's Restaurant, Inc., including the alleged state law claims against Defendants. This Court will allow Plaintiff to file her proposed amended complaint attached to her motion as an exhibit [ECF #21-1].

**B. Motion to Modify Scheduling Order and Extend Deadlines to Permit Additional Discovery**

Plaintiff also seeks to modify the Scheduling Order currently in place to permit discovery in this case. Plaintiff alleges that since the filing of the Scheduling Order on September 22,2015, until the discovery deadline, June 9, 2016, the parties have been engaged in motions practice, namely the motion to amend complaint, which was filed on December 24, 2015. [ECF #26, p. 1]. Plaintiff also points out that she has recently filed a motion for conditional certification of a collective action. [ECF #26, p. 2]. In response, Defendants argue that for approximately nine months, Plaintiff did not engage in any discovery, in violation of Local Rule 6.01. Further, Defendants argue that extending discovery at this stage in the litigation would expand the scope of the lawsuit from a claim for damages from a plaintiff who worked at one nightclub over a three month period, to a potential class action lawsuit. [ECF #28, p. 2]. Plaintiff filed a reply suggesting that the delay in engaging in any discovery was justified because she was uncertain of the results of a criminal proceeding concerning one of the Defendants was involved in during this time.

Rule 16 governs scheduling orders and provides that a schedule may be modified only for "good cause" and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "Good cause" is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite the

5

movant's diligent efforts. *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014) (citing *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999)); *see also Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). Conversely, a lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *Meents*, 302 F.R.D. at 382-83 (quoting *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D. W. Va. 2001)). District courts have broad discretion in the resolution of discovery disputes that arise in pending cases. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390 (4th Cir. 2003). Further, Defendants have cited to this Court's local rule regarding motions for extension of time for completion of discovery. Rule 6.01 states that such motions will be granted in unusual cases and "upon a showing that the parties have diligently pursued discovery during the originally specified period." Local Civ. Rule 6.01. The showing requires "a specification of the discovery (including depositions by witness and date) that has been completed and the depositions (including witness name) and other discovery that remain to be completed." In this case, it appears from the record that it is undisputed that the parties have not engaged in any discovery during the original discovery period.

      Here, Plaintiff has requested a four month discovery extension after failing to engage in any discovery during the period of September 2015 until June of 2016. Instead, Plaintiff filed a motion the day of the discovery deadline asserting that the delay in conducting any discovery at all was because Plaintiff was focused on filing two motions, one of which was filed in December of 2015, and because one of the Defendants has an ongoing federal criminal case that created

6

uncertainty with respect to his lawsuit.[4]  This Court does not find that Plaintiff has established the requisite good cause to grant a discovery extension on the eve of the discovery deadline.  In addition, Plaintiff has not complied with the local rule requiring diligent efforts in conducting discovery, along with a list of depositions scheduled and completed to date.  This is likely the case because the parties have not engaged in any depositions to inform the Court of, to date.[5]  Because Plaintiff has not met the standard for extending the discovery deadline in this case, this Court denies Plaintiff's motion to extend the discovery deadline.

### C. Plaintiff's Motion for Class Certification

On June 9, 2016, Plaintiff filed a motion requesting the following relief: (1) court-authorized notice to a set group of employees of Defendants; (2) an order requiring the Defendants to produce, in electronic form, the names and contact information of all potential members of the purported class; and (3) authorization to post notice of the lawsuit on Plaintiff's counsel's website.

---

[4] Plaintiff did not allege any delay in conducting discovery attributable to Defendant Rose's criminal prosecution in her initial brief.  It was only after Defendants filed their Response Brief, citing the criminal prosecution as one of their reasons for not expending resources on discovery in this case, that Plaintiff replied and cited this reason, as well.

[5] Plaintiff indicates that it is common for parties to decline to engage in any discovery in collective actions and cites to one district court case in Illinois to support this proposition. *See generally Bunyan v. Spectrum Brands, Inc.*, 2008 WL 2959932, at *2-3 (S.D. Ill. 2008).  This Court does not find this argument compelling.  The *Bunyan* Court had limited discovery to the collective action certification issue in that case.  Furthermore, the *Bunyan* Court did not suggest discovery should not occur in class certification cases.  Instead, it explained that depending upon the stage of litigation, the plaintiff bears a different burden. As explained by *Bunyan*, a majority of district courts employ a two-step process.  In the first step, the parties have engaged in minimal discovery and a more lenient analysis of which class members meet the standard for certification occurs.  *Id.*  At the second step, after more substantial discovery has occurred, the party opposing the collective action will usually move to decertify the class. *Id.*  While it is true that plaintiffs are not required to meet the same burden where minimal discovery has occurred, once substantial discovery has been conducted, regardless of when that occurs, plaintiff must still face the higher burden. The *Bunyan* Court does not otherwise suggest that plaintiffs should not engage in any discovery during the discovery period.

[ECF #25, p. 2].  Plaintiff seeks conditional class certification for "all individuals who worked as an exotic dancer or stripper at any of the clubs owned or operated by Defendants–namely The Gold Club locations in Bedford, New Hampshire, Myrtle Beach and Hilton Head, South Carolina, Las Vegas, Nevada, Greensboro, North Carolina, San Jose, California, and Wilmington, Delaware–at any time within the three years prior to joining this lawsuit, and who were classified as independent contractors, rather than employees." [ECF #25, pp. 1-2].

Defendants oppose this motion on several grounds.  Defendants argue that this Court lacks personal jurisdiction over several of the named Defendants in this case.  At this time, Defendants have not filed a motion to dismiss based on lack of personal jurisdiction.  Instead, Defendants allege that PML Clubs, Inc. is a Delaware Corporation with its principal place of business in Myrtle Beach, South Carolina, and its sole business is that it owns the rights to "The Gold Club" name. [ECF #27].  With respect to Defendant East Coast, Defendants argue that this is a New Hampshire limited liability company. [ECF #27]. Defendants admit in their answer that Defendant East Coast is the entity doing business as The Gold Club. [ECF #7].  In considering whether a plaintiff has established a prima facie case of personal jurisdiction, courts should consider the pleadings, affidavits, and other supporting documents presented to the court. *Addy's Harbor Dodge v. Global Vehicles U.S.A., Inc.*, No. 4:11-cv-1065, 2014 WL 1779450, at *2 (D.S.C. May 5, 2014). The court is to draw all reasonable inferences in favor of the plaintiff. *Id.*  A court's exercise of personal jurisdiction over a nonresident defendant like East Coast comports with due process when the defendant has sufficient minimum contacts with the forum. *Id.*  While this Court has serious questions concerning the personal jurisdiction over one or more of these Defendants, none of the

Defendant have moved to dismiss this case for lack of personal jurisdiction, and the sparse record does not assist the Court in determining whether personal jurisdiction is lacking in this case.[6] Accordingly, based on the very limited record before the Court, the Court declines to dismiss class certification on this basis.

Defendants also argue that the motion is untimely because the time for joinder set forth in the scheduling order, December 10, 2015, has come and gone and the deadline to conduct discovery expired the same day the motion was filed.  Other district courts have dismissed motions for class certification when plaintiff does not file a motion until after the deadline for joinder has passed.  In *Gallender v. Empire Fire & Marine Ins. Co.*, No. 5:05-CV220-DCB-JMR, 2007 WL 325792, at *2 (S.D. Miss. Jan. 31, 2007),  a district court denied plaintiff's motion for conditional certification, reasoning that a collective action is a form of a spurious class action, which is a special specie of permissive joinder.  Since the deadline for joinder motions had passed, that court reasoned so to had the plaintiff's time for filing a motion for class certification. *Id.* The *Gallender* Court's concern was encouraging individual actions to evolve into class actions late into the litigation timeline. *Id.* The court in *Quijano v. Tuffy Associates Corp.*, No. 2:13-CV-573, 2014 WL 4182691, at *1 (M.D. Fla. Aug. 21, 2014), similarly found that the Plaintiffs, who initiated an action "individually and on behalf of similarly situated employees" did not timely file their motion for conditional certification because the time to add parties or amend pleadings had passed.  However, in *Degidio v. Crazy Horse Saloon and Restaurant, Inc.*, No. 4:13-cv-02136-BHH, 2015

---

[6] Were the Court to find that it lacked personal jurisdiction over one or more Defendants in this case, then that would undoubtedly give rise to the denial of conditional certification as to any claims against those Defendants, as well.

9

WL 5834280, at *19 (D.S.C. Sept. 30, 2015), this Court declined to accept the defendant's request that a plaintiff's motion for certification be deemed untimely. In *Delgidio*, the plaintiff did not file a motion for conditional class certification until after the close of discovery and a day after filing a motion for summary judgment. *Id.* The Court noted that there was no specific, declared deadline for filing the particular motion. This Court acknowledges that the time for the filing of joinder motions has passed, however it does not need to consider this issue because this Court denies conditional certification for the reasons set forth below.

With respect to the merits of the question of conditional certification, Defendants argue that Ms. Sodekson is not similarly situated to the class members she seeks to represent because the statute of limitations prevents a collective action in this case from reaching back past July 2013, and Ms. Sodekson stopped performing at the nightclub in September of 2012.[7] She filed this lawsuit in July of 2015. With respect to Ms. Kaneshige, Defendants argue that because she is subject to an arbitration agreement, her claims must be resolved in that forum, and thus she is unique from other would-be potential plaintiffs. In the alternative, should this Court certify the class, Defendants seek a narrower definition of the class in question.

Section 216(b) of the FLSA sets forth the standard for class certification and provides: "[a]n action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf

---

[7] Of course, this statute of limitation assumes a "willful violation" of the FLSA which provides claimants with a three year statute of limitation. Otherwise, Ms. Sodekson, like other claimants, would be subject to the two year statute of limitations period. 29 U.S.C. § 255. Ms. Sodekson alleges a willful violation within her Complaint.

of himself or themselves and other employees similarly situated." Several district courts employ a two-step process in analyzing the certification of a collective action under the FLSA. At the first step, the court generally considers "whether other similarly situated employees should be notified." *Curtis v. Time Warner Enter.-Advance Newhouse Partnership*, No. 3:12-CV-2370-JFA, 2013 WL 1874848, at *2 (D.S.C. May 3, 2013). The second step is triggered by an employer's motion for decertification and typically occurs after substantial discovery has taken place. *Id.*

Under step one, Court's often require a plaintiff show a "reasonable basis" for his or her claim that there are other similarly situated employees. *Id.* (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258-62 (11th Cir. 2008). Alternatively, courts have required plaintiffs to "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010)). Other courts have described this requirement as demonstrating "some identifiable factual nexus which binds the named plaintiffs and the potential class members together." *MacGregor v. Farmers Ins. Exchange*, No. 2:10-CV-03088, 2011 WL 2981466, at *2 (D.S.C. July 22, 2011) (citing *Heagney v. Eur. Am. Bank*, 122 F.R.D. 125, 127 (4th Cir. 1988)). Under this step, the plaintiff's burden has been described as "fairly lenient" because the court is trying to determine whether "similarly situated" plaintiffs exist. *Id.* Still, the plaintiff bears the burden of demonstrating that notice is appropriate. *MacGregor*, 2011 WL 2981466, at *2 (citing *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)). Mere allegations will not suffice to make a proper showing; instead, some factual evidence is necessary. *MacGregor*, 2011 WL 2981466, at *2 (citing *Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va.

2002)).

Further, the court's discretion to facilitate notice in these cases is not without bounds. *MacGregor*, 2011 WL 2981466, at *2. Courts should not exercise this discretion unless the plaintiff has shown that the facts and circumstances of the case present a class of "similarly situated" aggrieved employees. *Id.* (citing *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547-48 (E.D. Va. 2009). If the Court determines that individualized determinations are more likely to predominate, a collective action would hinder, rather than promote, efficient case management. *MacGregor*, 2011 WL 2981466, at *2. In such a case, notice should not be granted. *Id.* (citing *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686-87 (D. Md. 2010); *see also England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 511 (M.D. La. 2005) (finding conditional certification inappropriate where adjudication would have required factual inquiries into employment relationships involving different managers at different locations)).

If a court were to grant a motion for conditional certification, the defendant may file a motion for decertification, at which time a more stringent standard under the second step must be met. *Id.* at *3. The second step usually occurs near the end of discovery, and the courts have considered a number of factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Id.*

The term "similarly situated" is not defined in the statute; however, courts have determined if potential class members are similarly situated based on the existence of "issues common to the proposed class that are central to the disposition of the FLSA claims and that such common issues

12

can be substantially adjudicated without consideration of facts unique or particularized as to each class member." *LaFleur v. Dollar Tree Stores, Inc.*, 30 F. Supp. 3d 463, 467-68 (E.D. Va. 2014) (quoting *Houston et al. v. URS Corp. et al.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008)). Courts determine whether conditional certification of a collective action is warranted by examining the parties' pleadings and affidavits. *Gordon v. TBC Retail Group, Inc.*, 134 F. Supp. 3d 1027 (D.S.C. Sept. 30, 2015).

In support of her motion for conditional class certification, Plaintiff alleges that there is "one overarching legal and factual issue which is common to and, indeed binds the class together–their misclassification as indepedent contractors." [ECF #25, p. 8]. Plaintiff provides the Court with her own allegations, and the allegations of one other employee, Chantel Kaneshige, who allegedly worked for the same strip club, but at a different location. Plaintiff's declaration states that she worked for the Gold Club in Bedford, New Hampshire for approximately five months, from May 2012 to September 2012. [ECF #25-3, ¶ 3]. Plaintiff alleges that Gold Club managers exercised control over her employment by requiring her to sign up for a set schedule at least three nights a week, arrive on shift before 7 p.m., perform in a stage rotation while working, wear certain clothing while at work, dance to music pre-determined by the DJ, and push certain promotional items. [ECF #25-3, ¶¶ 4-6, 11-14]. Plaintiff also alleges that the Gold Club controlled the manner in which she was compensated in that her only compensation was a portion of the money customer paid her directly. [ECF #25-3, ¶ 7]. Plaintiff claims she was also required to tip-out other employees and pay a "house fee" for every shift she worked. [ECF #25-3, ¶ 9]. Finally, Plaintiff alleges that the Gold Club set prices for private dances and private rooms and

13

also determined what portion of those fees would be paid to the exotic dancers. [ECF #25-3, ¶ 10]. Plaintiff does not otherwise provide any other factual support for her contention that exotic dancers at The Gold Club were considered "independent contractors."

In response, Defendants argue that Ms. Sodekson is not an appropriate class representative because her claim for damages will be limited to a three month period based on the FLSA's statute of limitations period. The Court notes this is even assuming Plaintiff can prove a willful violation and extend the statute of limitations from two to three years. Ms. Sodekson stopped working at The Gold Club in September of 2012. [ECF #25-3]. She filed this lawsuit in July of 2015. [ECF #1]. Thus, assuming Ms. Sodekson states a claim for damages based upon willful violations, at best she is limited to damages incurred from July 2012 through September of 2012. Furthermore, even if this Court were to certify a class, as Defendant points out, the identified class Plaintiff seeks to add includes entertainers who "within the three years prior to joining the lawsuit . . . were classified as independent contractors rather than employees." [ECF #25, p. 2]. If the statute of limitations is two years, Ms. Sodekson is not a proper representative for this class. If the three year statue of limitations applies, she is limited to three month's worth of damages. In fact, Ms. Sodekson was not an employee during the majority of the time frame of other potential plaintiffs she seeks to represent. Thus, it is difficult for this Court to accept that she is "similarly situated" to the individuals she seeks to represent because her claim for damages is limited to such a short time period, and she no longer worked for Defendants during the relevant time period for the inclusion of the proposed class. The time frame she proposes for the purported class (i.e. "all individuals who worked as an exotic dancer or stripper at any of the clubs owned or operated by

14

Defendants...at any time within the tree years prior to joining this lawsuit") may not even include her.  The policies of Defendants could have changed from the time Ms. Sodekson stopped working through the relevant limitations period in this lawsuit.  For example, the only opt-in Plaintiff in this case apparently signed an arbitration agreement, while Ms. Sodekson may not have according to the limited record before the Court.

Moreover, Plaintiff does not submit sufficient evidence to support a reasonable basis that Defendants have a common policy or scheme that violated the law to justify a conditional certification. Plaintiff simply alleges that, "[u]pon information and belief, Defendants' policies and procedures with regard to how exotic dancers are compensated are uniform at all of Defendants' club locations throughout the country." [ECF #1, p. 4]. *See Brown v. White's Ferry, Inc.*, No. DKC-11-1683, 2011 WL 5151394, at *2-*3 (D. Md. Oct. 27, 2011) (acknowledging the lenient standard under the statute and determining plaintiffs did not meet that standard because. In so finding, the court explained, "[p]laintiffs have done nothing more than assert, in conclusory fashion, that there are similarly situated others. Courts have consistently found such bare assertions insufficient to satisfy the plaintiff's burden in this context.").  Plaintiff did not engage in any discovery to support the veracity of her statement regarding Defendants' compensation structure. Nor does Plaintiff provide any documents or deposition testimony tending to suggest that it was a policy of The Gold Club nationwide to compensate performers in this manner. *See Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983) (upholding the denial by a district court to authorize notice to a potential class where there was only one plaintiff and one more employee who wanted to "opt in" to the lawsuit.  There was minimal evidence before the Court other than

"counsel's unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores.").

Additionally, only one individual has opted-in to this lawsuit since it was filed in July of 2015. That individual is uniquely situated in that she signed a purported arbitration agreement, indicating an individualized assessment apart from the consideration of Ms. Sodekson's claims. Ms. Kaneshige's declaration states she worked for the Gold Club in Hilton Head, South Carolina for ten years until October 2015. [ECF #25-4, ¶ 3]. She alleges that the Gold Club required her to work at least three shifts per week, push certain promotional items while working, participate in stage rotations during her shift, controlled what she wore, and set the price she could charge for a private dance. [ECF #25-4, ¶ 5, 10, 12, 13,14]. Ms. Kaneshige also alleges that the Gold Club required her to pay a "house fee" for every shift she worked, required her to pay a portion of private dance fees to the Gold Club, and required her to tip-out other staff members working at the Gold Club. [ECF #25-4, ¶ 7, 14, 15]. Further, Ms. Kaneshige alleges that she heard from dancers at a Gold Club in North Carolina that the same rules and policies applied at that location, although this allegation is hearsay. [ECF #25-4, ¶ 18]. Defendants have produced an arbitration agreement signed by Ms. Kaneshige requiring her to arbitrate these claims. It appears, based on the limited record, that Ms. Sodekson may not have been required to sign an arbitration agreement. Plaintiff argues that at this stage of litigation, it is inappropriate to consider the issue of whether Ms. Kaneshige entered into a valid arbitration agreement. To support her position, Plaintiff cites to several cases that discuss the intersection between conditional certification and arbitration agreements.

16

This Court disagrees with Plaintiff's assertion that, under these set of facts, this Court cannot consider the effect an arbitration agreement has on an individual's ability to represent a class. Here, Plaintiff has not engaged in any discovery to support her motion for class certification, and relies upon the assertions of only one additional plaintiff to bolster her claim that notice is appropriate for a nationwide conditional class certification. In *D'Antuono v. C&G of Groton, Inc.*, No. 3:11-CV-33, 2011 WL 5878045 (D. Conn. Nov. 23, 2011), a case cited by Plaintiff, the contested issue was whether Plaintiff met the standard of showing that there were "other employees similarly situated" under 29 U.S.C. § 216(b) to provide notice to these potential opt-in plaintiffs. The district court in that case had already made a prior finding that an arbitration agreement was enforceable as to two of the three plaintiffs who had signed the arbitration agreement and had closed the case as to those two plaintiffs, as they were required to arbitrate their claims. *D'Antuono*, 2011 WL 5878045 at *2. Therefore in *D'Antuono*, some plaintiffs were pursuing claims in arbitration, while at least one plaintiff was pursuing claims in federal court. Also, in *D'Antuono*, discovery was not only ongoing, but the plaintiff has supported her motion for conditional certification with affidavits and deposition testimony. *Id.* at *3. Here, Ms. Kaneshige is uniquely situated in that it appears she may have executed an arbitration agreement. Unlike *D'Antuono*, however, the fact that Ms. Kaneshige signed this agreement is not the only reason that this Court declines to certify a class.

Other than screenshots from a Gold Club website noting that there is more than one Gold Club location, and Ms. Kaneshige's declaration and Plaintiff's allegations within her Complaint, Plaintiff does not have any additional factual support suggesting that there is a common policy

17

or plan among the Gold Club's several locations, or that there are other potential plaintiffs similarly situated to her (or to Ms. Kaneshige) for the reasons discussed above. Plaintiff only worked at the Bedford, New Hampshire location for a few months, while Ms. Kaneshige only worked at the Hilton Head, South Carolina location. Plaintiff has not provided any facts regarding the several other locations or any factual support evidencing the policies at these other clubs. Additionally, the Court is without the benefit of any discovery, and without any affidavits from any other employees at any other locations throughout the country suggesting their managers operated the club in this manner. *See England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 511 (M.D. La. 2005). Plaintiff has not provided sufficient evidence to establish a reasonable basis that there are other "similarly situated" employees to her (indeed Ms. Kaneshige is unique to her position in that she may be subject to arbitration). While both individuals, represented by the same counsel, have alleged the same pattern of payment, the record is sparse with any factual support for Plaintiff's request for conditional certification, in part because there has been no discovery conducted in this case. Having had the opportunity to seek information from Defendants in order to establish her collective action claims under the FLSA, Plaintiff chose not to utilize the discovery process. In this Order, this Court considered Plaintiff's motion to permit discovery beyond the deadline provided for in the scheduling order in this case, and ultimately denied the motion. Plaintiff's evidence to support notice to putative class members of a collective action exists solely of her contentions and Ms. Kaneshige's contentions. Further, it appears from the limited record that individualized determinations are more likely to predominate in this case. *MacGregor*, 2011 WL 2981466, at *2. While this Court acknowledges conditional certification

encompasses a lenient standard at the first step, Plaintiff has failed to provide sufficient evidence to meet this standard. Accordingly, this Court denies Plaintiff's motion for condition certification.

### D. Plaintiff's Motion to Extend Mediation Deadline

On August 5, 2016, Plaintiff filed another motion to modify the scheduling order and extend the mediation deadline set forth in the Scheduling Order filed September 22, 2015 for an additional ninety days. [ECF #33]. This motion is opposed by Defendants. [ECF #34]. Given that the parties have had several motions pending that this Court has now ruled on, the Court will extend the deadline for mediation through sixty days from the date of this Order. At the conclusion of that time period, the parties are required to apprise this Court with the status of this case.

### Conclusion

The Court has thoroughly reviewed the entire record, including all pleadings and exhibits filed in this case. For the reasons stated above, Plaintiff's motion to amend/correct [ECF #21] is **GRANTED**. Plaintiff's motion for extension of time to complete discovery [ECF #26] is **DENIED**. Plaintiff's motion for conditional certification of a collective action [ECF #25] is **DENIED**. Plaintiff's motion to amend/correct the scheduling order to extend the mediation deadline [ECF #33] is **GRANTED** for a period of sixty days from the date of this Order.

**IT IS SO ORDERED.**

Florence, South Carolina                                                s/ R. Bryan Harwell
September 6, 2016                                                       R. Bryan Harwell
                                                                        United States District Judge